UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Jeff Stark and Nick Nowak as Trustees of the District Council No. 82 Health Care Fund, Jeff Stark and Clark Anderson as Trustees of the District Council 82 Painting Industry Pension Fund, Jeff Stark and Bill Sullivan as Trustees of the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, Jeff Stark and Mark Rislund as Trustees of the Painters and Allied Trades District Council 82 STAR Fund, Jeff Stark and Michael Horovitz as Trustees of the Finishing Trades Institute of the Upper Midwest Trust Fund, Daniel Williams as a fiduciary of the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership, the District Council No. 82 Health Care Fund, the District Council 82 Painting Industry Pension Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership, and any successors,

       Plaintiffs,

vs.

MT Construction LLC, Elisa S. Torres, individually, and Juan Jorge Martinez, individually,

       Defendants.
_____

Civil File No.: _____

**COMPLAINT**

1

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1. Plaintiffs are Trustees and Fiduciaries of the District Council No. 82 Health Care Fund, the District Council 82 Painting Industry Pension Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. The Funds, except for the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq.*

4. Defendant MT Construction LLC ("MT Construction") is a Minnesota limited liability company with a registered address of 9240 Chicago Avenue, Bloomington, Minnesota 55420.  Defendant MT Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendant Elisa S. Torres ("Torres") is an owner and the manager of MT Construction and, as set forth herein, the guarantor of MT Construction's obligations to

2

the Funds.  Defendant Torres is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Juan Jorge Martinez ("Martinez") is an owner of MT Construction and, as set forth herein, the guarantor of MT Construction's obligations to the Funds.  Defendant Martinez is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7. This is an action by the Funds' Trustees and Fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

8. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## **FACTS**

9. The Funds re-allege and incorporate by reference paragraphs 1-8 herein.

10. On April 19, 2022, MT Construction became bound to the terms of a collective bargaining agreement negotiated between the Minnesota Drywall and Plasterers Association and International Union of Painters and Allied Trades District Council #82 with a term of May 1, 2019 to April 30, 2022 ("CBA").  The terms of the CBA are incorporated herein by reference.

11. Defendants are bound to the CBA through at least April 30, 2026.

12. The CBA requires signatory employers to furnish a bond or approved escrow account guaranteeing the employers' the signatory employer's obligation to the Funds. The CBA further provides that in the event such bonding requirements are not met, the CBA shall become binding personally and individually upon Defendants Torres and Martinez for the full and faithful performance of all terms of the CBA.

13. Defendants breached the terms of the CBA by failing to furnish a bond. Accordingly, the terms of the CBA are binding personally and individually upon Defendants Torres and Martinez for the full and faithful performance of all terms of the CBA.

14. The CBA provides that Defendants are bound to the Trust Agreements for the Funds.

15. The CBA Trust Agreements require Defendants to submit contributions to the Funds on a monthly basis in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

16. The CBA and Trust Agreements require Defendants to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

17. The CBA and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the 15th day of the in which they are due.

18. The CBA and Trust Agreements state that the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation

records, 1099s, and 941s and any other record necessary to determine whether an employer is in compliance with the terms and provisions of the CBA.

19. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

20. If Defendants fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all of the hours worked by that individual for whom they are unable to produce satisfactory records verifying the type of work being performed by that individual.

21. Pursuant to the CBA, Defendants agreed that they would not subcontract any work covered by the CBA to any subcontractor that is not bound to the CBA or bound to a CBA with a Union affiliated with the International Union of Painters and Allied Trades. In this regard, the CBA provides that if the subcontracting provision of the CBA is breached, Defendants are liable to the Funds for monetary damages in an amount representing the difference between the wages and fringes provided for in the CBA and those actually paid by the subcontractor.

22. The CBA and Trust Agreements state that if an employer becomes delinquent, they shall be required to pay liquidated damages and interest on any delinquent contributions.

23. The CBA and Trust Agreements state that delinquent employers are required to pay all costs of collection together with attorneys' fees and such penalties as may be assessed by the Trustees of the Funds.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

24. The Funds re-allege and incorporate by reference paragraphs 1-23 herein.

25. The Funds' authorized agent requested that Defendants produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of April 19, 2022 through September 30, 2024 ("Audit Period").

26. Defendants produced their payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Defendants' employees that were covered by the CBA for which Defendants did not submit the required contributions to the Funds.

27. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $68,086.42 is due and owing for delinquent contributions.

28. Defendants breached the terms of the CBA and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

29. Defendants are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendants are unable to produce satisfactory records verifying the type of work performed by any such individuals.

30. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for liquidated damages and interest on the delinquent contributions due and owing for the Audit Period.

31. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for all costs of collection together with the attorneys' fees incurred by the Funds.

## COUNT II
## ERISA DAMAGES

32. The Funds re-allege and incorporate by reference paragraphs 1-31 herein.

33. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

34. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

35. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants, joint and several, as follows:

1. For judgment in against the Defendants for all unpaid benefit contributions due and owing for the Audit Period plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

2. For an award of costs, disbursements and attorney fees according to law.

3. Such other and future relief as the Court deems just, equitable or proper.

Dated: May 5, 2025            **SHUMAKER LOOP & KENDRICK, LLP**

By */s/ Amy L. Court*
Amy L. Court (# 319004)
Christy E. Lawrie (#388832)
8400 Normandale Lake Boulevard
Suite 920
Bloomington, MN 55437
Telephone: (612) 605-9123
acourt@shumaker.com
clawrie@shumaker.com

*Attorneys for the Plaintiffs*

7