UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Stark et al., | Civ. No. 0:25-cv-01980-PJS-DJF |
| *Plaintiffs*, | |
| v. | |
| MT Construction LLC et al., | |
| *Defendants / Third-Party Plaintiffs*, | **THIRD-PARTY COMPLAINT** |
| v. | |
| Wilson-McShane Corporation, | |
| *Third-Party Defendant.* | |

---

For its Third-Party Complaint against **Wilson-McShane Corporation** ("Third-Party Defendant"), **MT Construction LLC**, **Elisa S. Torres**, and **Juan Jorge Martinez** ("Third-Party Plaintiffs" or "Defendants") state and allege:

1. Third-Party Defendant is a Minnesota limited liability company with a registered office address at 6160 Summit Drive N., Suite 205, Brooklyn Center, MN 55430.

2. Defendants were served with a Complaint by Jeff Stark et al. ("Plaintiffs") in the action styled *Jeff Star et al. v. MT Construction LLC et al.*, No. 0:25-cv-01980-PJS-DJF, a true and correct copy of which is attached as **Exhibit A**.

3. Defendants have responded to the Complaint as stated in its Answer, a true and correct copy of which is attached as **Exhibit B**.

4. As stated in the Complaint, Plaintiffs allege that Defendants are responsible for damages incurred under theories of Breach of Contract (Count I) and ERISA Damages (Count II).

5. Starting 2022, Third-Party Defendant participated as an Administrator and Auditor in the activities and transactions referenced in Plaintiff's Complaint.

6. On March 7, 2024, Third-Party Defendant sent Third-Party Plaintiffs a letter demanding records to conduct an audit for the period of 04/2022 through March 7, 2024.

7. During 2024, Third-Party Defendant was negligent in conducting its affairs in the audit by:

> (a) ignoring Third-Party Plaintiffs' document submissions;
>
> (b) failing to properly communicate with Third-Party Plaintiffs via email;
>
> (c) failing to communicate that certain key staff at Third-Party Defendant were no longer employed or were no longer involved with Third-Party Plaintiffs' audit;
>
> (d) not responding to Third-Party Plaintiffs' requests for clarification; and
>
> (e) making incorrect calculations and payment applications.

8. In short, Wilson-McShane gave Third-Party Plaintiffs the proverbial runarounds that led to this civil action.

9. But for Third-Party Defendant's conduct, Plaintiffs' claims would have never arisen.

10. The contact persons working for Third-Party Defendant in the audit included but were not limited to Jim Wilson, Katie Angstman, and Kyle Anderson.

11. Any damages sustained due to the incidents or conditions alleged in Plaintiff's Complaint arise out of, and are connected to, the conduct of Third-Party Defendant, such that Third-Party Plaintiffs are entitled to judgment against the Third-Party Defendant by way of common law indemnity and/or contribution.

## PRAYER FOR RELIEF

Third-Party Plaintiffs petition for relief:

1. Awarding Third-Party Plaintiffs judgment on their Third-Party Complaint against Third-Party Defendant, with an award for Third-Party Plaintiffs' attorney's fees, costs and disbursements; and

2. For such other further relief as the Court deems equitable, just, and proper.

**CEIBA FÔRTE LAW FIRM®**

Dated: 06/09/2025

/s/ Inti Martínez-Alemán
Inti Martínez-Alemán
MN# 0398465
1053 Dale St. N, Suite 201
St. Paul, MN 55117
Telephone: 651-317-4895
Email: inti@ceibaforte.com

**ATTORNEY FOR
THIRD-PARTY PLAINTIFFS**

3

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Jeff Stark and Nick Nowak as Trustees of the District Council No. 82 Health Care Fund, Jeff Stark and Clark Anderson as Trustees of the District Council 82 Painting Industry Pension Fund, Jeff Stark and Bill Sullivan as Trustees of the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, Jeff Stark and Mark Rislund as Trustees of the Painters and Allied Trades District Council 82 STAR Fund, Jeff Stark and Michael Horovitz as Trustees of the Finishing Trades Institute of the Upper Midwest Trust Fund, Daniel Williams as a fiduciary of the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership, the District Council No. 82 Health Care Fund, the District Council 82 Painting Industry Pension Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership, and any successors,

       Plaintiffs,
vs.

MT Construction LLC, Elisa S. Torres, individually, and Juan Jorge Martinez, individually,

       Defendants.
_____

Civil File No.: _____

**COMPLAINT**

1



EXHIBIT A

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the District Council No. 82 Health Care Fund, the District Council 82 Painting Industry Pension Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. The Funds, except for the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4. Defendant MT Construction LLC ("MT Construction") is a Minnesota limited liability company with a registered address of 9240 Chicago Avenue, Bloomington, Minnesota 55420. Defendant MT Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendant Elisa S. Torres ("Torres") is an owner and the manager of MT Construction and, as set forth herein, the guarantor of MT Construction's obligations to

the Funds. Defendant Torres is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Juan Jorge Martinez ("Martinez") is an owner of MT Construction and, as set forth herein, the guarantor of MT Construction's obligations to the Funds. Defendant Martinez is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7. This is an action by the Funds' Trustees and Fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

8. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## FACTS

9. The Funds re-allege and incorporate by reference paragraphs 1-8 herein.

10. On April 19, 2022, MT Construction became bound to the terms of a collective bargaining agreement negotiated between the Minnesota Drywall and Plasterers Association and International Union of Painters and Allied Trades District Council #82 with a term of May 1, 2019 to April 30, 2022 ("CBA"). The terms of the CBA are incorporated herein by reference.

11. Defendants are bound to the CBA through at least April 30, 2026.

3

12. The CBA requires signatory employers to furnish a bond or approved escrow account guaranteeing the employers' the signatory employer's obligation to the Funds. The CBA further provides that in the event such bonding requirements are not met, the CBA shall become binding personally and individually upon Defendants Torres and Martinez for the full and faithful performance of all terms of the CBA.

13. Defendants breached the terms of the CBA by failing to furnish a bond. Accordingly, the terms of the CBA are binding personally and individually upon Defendants Torres and Martinez for the full and faithful performance of all terms of the CBA.

14. The CBA provides that Defendants are bound to the Trust Agreements for the Funds.

15. The CBA Trust Agreements require Defendants to submit contributions to the Funds on a monthly basis in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

16. The CBA and Trust Agreements require Defendants to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

17. The CBA and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the 15th day of the in which they are due.

18. The CBA and Trust Agreements state that the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation

records, 1099s, and 941s and any other record necessary to determine whether an employer is in compliance with the terms and provisions of the CBA.

19. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

20. If Defendants fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all of the hours worked by that individual for whom they are unable to produce satisfactory records verifying the type of work being performed by that individual.

21. Pursuant to the CBA, Defendants agreed that they would not subcontract any work covered by the CBA to any subcontractor that is not bound to the CBA or bound to a CBA with a Union affiliated with the International Union of Painters and Allied Trades. In this regard, the CBA provides that if the subcontracting provision of the CBA is breached, Defendants are liable to the Funds for monetary damages in an amount representing the difference between the wages and fringes provided for in the CBA and those actually paid by the subcontractor.

22. The CBA and Trust Agreements state that if an employer becomes delinquent, they shall be required to pay liquidated damages and interest on any delinquent contributions.

23. The CBA and Trust Agreements state that delinquent employers are required to pay all costs of collection together with attorneys' fees and such penalties as may be assessed by the Trustees of the Funds.

## COUNT I
**BREACH OF CONTRACT/AUDIT AMOUNT DUE**

24. The Funds re-allege and incorporate by reference paragraphs 1-23 herein.

25. The Funds' authorized agent requested that Defendants produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of April 19, 2022 through September 30, 2024 ("Audit Period").

26. Defendants produced their payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Defendants' employees that were covered by the CBA for which Defendants did not submit the required contributions to the Funds.

27. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $68,086.42 is due and owing for delinquent contributions.

28. Defendants breached the terms of the CBA and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

29. Defendants are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendants are unable to produce satisfactory records verifying the type of work performed by any such individuals.

30. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for liquidated damages and interest on the delinquent contributions due and owing for the Audit Period.

31. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for all costs of collection together with the attorneys' fees incurred by the Funds.

## COUNT II
## ERISA DAMAGES

32. The Funds re-allege and incorporate by reference paragraphs 1-31 herein.

33. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

34. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

35. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants, joint and several, as follows:

1. For judgment in against the Defendants for all unpaid benefit contributions due and owing for the Audit Period plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

2. For an award of costs, disbursements and attorney fees according to law.

3. Such other and future relief as the Court deems just, equitable or proper.

Dated: May 5, 2025      **SHUMAKER LOOP & KENDRICK, LLP**

By */s/ Amy L. Court*
Amy L. Court (# 319004)
Christy E. Lawrie (#388832)
8400 Normandale Lake Boulevard
Suite 920
Bloomington, MN 55437
Telephone: (612) 605-9123
acourt@shumaker.com
clawrie@shumaker.com

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stark et al.,

        *Plaintiffs*,

v.

MT Construction LLC et al.,

        *Defendants*.

Civ. No. 0:25-cv-01980-PJS-DJF

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND NOTICE OF THIRD-PARTY CLAIM**

---

For their Answer to Complaint brought against them by Plaintiffs Stark et al. (collectively, "**Plaintiffs**"), Defendants MT Construction LLC, Elisa S. Torres, and Juan Jorge Martinez (collectively, "**Defendants**") state and allege as follows:

1. Denying all claims and statements in Plaintiffs' Complaint except as specifically admitted, explained, or qualified in this Answer. References to paragraph numbers in this Answer will be to the paragraph numbers in Plaintiffs' Complaint.

2. Admitting paragraphs 4, 5, 6, 10, 11, and 25 of Plaintiffs' Complaint.

3. Denying paragraphs 13, 14, 26, 27, 28, 29, 30, 31, 33, 34, 35, and the entire Prayer for Relief of the Complaint, and putting Plaintiffs to their strictest proof thereof.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about Plaintiffs' addresses as stated in paragraphs 1, 2, and 3 of the Complaint, and therefore deny the same and put Plaintiffs to their strictest proof thereof.

**EXHIBIT B**

5. As to paragraphs 9, 24, and 32, Defendants incorporate by reference their answers to the paragraphs or pleadings Plaintiffs re-alleged and incorporated by reference.

6. Paragraphs 2, 7, 8, 12, 15, 16, 17, 18, 19, 20, 21, 22, and 23 state a legal conclusion or analysis that requires no answer and is therefore denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

7. Plaintiffs' claims are barred by the equitable doctrines of unclean hands, justification, and prevention of performance after Wilson McShane Corporation did not provide Defendants the necessary information and documentation that would have allowed Defendants to get in compliance.

8. Plaintiffs' claims are barred because, through Wilson McShane Corporation, they breached the implied covenant of good faith and fair dealing for not providing Defendants the necessary information and documentation that would have allowed Defendants to get in compliance.

9. Plaintiffs' claims are barred because Defendants substantially complied with their legal obligations under the circumstances. Plaintiffs, via Wilson McShane, set up Defendants to fail and now want to profit from them.

10. Plaintiffs' claims are barred because they did not provide Defendants a proper notice of breach, and for failure of condition precedent.

11. Plaintiffs' claims are barred because they failed to mitigate damages. Plaintiffs are not entitled to any relief after setting up Defendants for failure.

2

12. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendants Elisa S. Torres and Juan Jorge Martínez, individually.

13. Defendants reserve the right to add additional affirmative defenses.

## THIRD-PARTY PRACTICE

14. Wilson-McShane Corporation ("Wilson-McShane") is liable in whole or in part for the claims Plaintiffs have brought against Defendants.

15. Therefore, under Fed. R. Civ. P. 14(a), Defendants reserve the right to serve a Third-Party Summons and Complaint on Wilson-McShane. This is because, but for Wilson-McShane's negligent conduct and omissions, Plaintiffs would not have brought claims against Defendants.

16. Therefore, Wilson-McShane is liable for the damages caused by its conduct.

## PRAYER FOR RELIEF

Defendants demand judgment with the following relief:

1- Dismiss Plaintiffs' Complaint in its entirety;

2- Deny Plaintiffs' requested relief and enter judgment for Defendants on Plaintiffs' Complaint;

3- Award Defendants' applicable costs, disbursements, and reasonable attorney's fees.

**CEIBA FÔRTE LAW FIRM®**

Dated: 05/29/2025

/s/ Inti Martínez-Alemán

Inti Martínez-Alemán

MN# 0398465

1053 Dale St. N, Suite 201

St. Paul, MN 55117

Telephone: 651-317-4895

Email: inti@ceibaforte.com

**ATTORNEY FOR DEFENDANTS**